UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN CEDRIC WATERS,<br><br>Defendant. | Case No. 3:17-cr-00009-HDM-VPC<br>Case No. 3:20-cv-00370-HDM<br><br>ORDER |

Before the court is defendant Justin Cedric Waters' motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 27). The government has responded (ECF No. 29), and Waters has replied (ECF No. 30).

On February 1, 2017, Waters was charged by way of indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1). Pursuant to an agreement, Waters entered a plea of guilty to the charge. (ECF Nos. 15 & 17). The court thereafter sentenced Waters to 78 months in prison. (ECF Nos. 24 & 25.

Section 922(g) prohibits the possession of a firearm by several categories of persons, including any person who has been convicted in any court of a crime punishable by a term of more than one year in prison. 18 U.S.C. § 922(g)(1). At the time of his conviction, Waters had several prior felony convictions, including assault with a deadly weapon and unlawful driving or taking of a vehicle. When Waters was charged and entered his plea in this case, the government was not required to prove that he knew he was a felon. *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003).

But after Waters was sentenced, the U.S. Supreme Court concluded that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). On the basis of *Rehaif* and the government's failure to charge his knowledge of status, Waters now moves to vacate his conviction.

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).

Waters argues that the omission of the *Rehaif* element from the indictment violated his Fifth Amendment rights guaranteeing that a grand jury find probable cause to support all the necessary elements of the crime and to not be tried on a fatally defective indictment and his Sixth Amendment rights to notice of the charges.[1] He also alleges that the defective indictment deprived the court of jurisdiction. The government asserts that Waters has waived his right to bring these claims, that his claims are procedurally defaulted, and that the government is not required to prove the defendant knew his possession of firearms was unlawful.

---

[1] Although Waters' motion also alleges violation of his Sixth Amendment right to effective assistance of counsel, Waters clarifies in his reply that he alleges deprivation of counsel only to show the prejudice that resulted from the defect in the indictment and not as a standalone claim.

2

As part of his plea, Waters "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF No. 15 at 11). Such "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Espinoza*, 816 Fed. App'x 82, 85 (9th Cir. June 1, 2020) (unpublished disposition) (unconditional plea waiver precludes all Fifth and Sixth Amendment claims except to the extent they contest the court's jurisdiction or the voluntariness of the plea). Thus, except to the extent Water attacks the jurisdiction of the court,[2] his claims are waived.[3]

Waters' jurisdictional argument is without merit. The omission of an element from the indictment does not affect the court's jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Ratigan*, 351 F.3d 957, 962–63 (9th Cir. 2003); *see also United States v. Jackson*, 2020 WL 7624842, at *1 (9th Cir. Dec. 22, 2020) (unpublished disposition) (rejecting the defendant's argument that omission of the *Rehaif* element deprived

---

[2] Waters does not attack the voluntariness of his plea.

[3] The court agrees with the well-reasoned opinions of several courts that none of the exceptions under *Tollett* to the collateral challenge waiver applies in this case. *See, e.g., United States v. Kelbch*, 2021 WL 96242, at *2 (D. Nev. Jan. 7, 2021).

3

the district court of jurisdiction); *United States v. Burleson*, 2020 WL 4218317, at *1 (July 23, 2020) (unpublished disposition) (same); *Espinoza*, 2020 WL 2844542, at *1 (same); *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 88-92 (2d Cir. 2019); *United States v. Burghardt*, 939 F.3d 397, 402 (1st Cir. 2019). *Cf. United States v. Singh*, 979 F.3d 697, 730 (9th Cir. 2020) (on direct appeal, reviewing omission of *Rehaif* element from indictment for plain error). The indictment otherwise sufficiently states a criminal offense: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Moreover, to the extent they are not otherwise waived, Waters' claims are procedurally defaulted.

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate" either "cause excusing his procedural default, and actual prejudice resulting from the claim of error," *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993), or that he is actually innocent of the offense, *Bousley v. United States*, 523 U.S. 614, 622 (1998). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Actual prejudice "requires the petitioner to establish 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bradford v.*

*Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (internal citation omitted).

Waters could have raised his claims on direct appeal but did not do so. They are therefore procedurally defaulted. It is unnecessary to resolve whether Waters can demonstrate cause for the default, because even if he could, he cannot demonstrate prejudice.[4]

Waters committed the instant offense after receiving a 24- to 72-month sentence for assault with a deadly weapon, and he actually served more than two years of this sentence. (PSR ¶ 38). Further, Waters acknowledged in his plea agreement that he had been previously convicted of a felony. (ECF No. 16 at 3 & 6). Finally, and most importantly, Waters acknowledged during his plea colloquy both that he possessed the firearm after having sustained a prior felony conviction – specifically, he said, assault with a deadly weapon -- *and* that he was aware at the time of his offense that he was not allowed to possess a firearm.[5] In light of Waters' admissions that he knew he was a convicted felon and that he was prohibited from possessing firearms, the court is not persuaded that the outcome of the proceedings would have been any different had the grand jury been presented with, and the indictment had alleged, the *Rehaif* element. Waters thus suffered no prejudice from the omission of the *Rehaif* element.

---

[4] Waters does not argue actual innocence.

[5] Waters also noted a prior conviction for receiving stolen property. The court presumes this was in reference to his other felony conviction, which was for unlawful driving or taking of a motor vehicle. Per the PSR, the vehicle in that case had been previously reported stolen. (PSR ¶ 36).

5

Waters argues that he suffered prejudice because he was convicted by a court lacking jurisdiction. For the reasons previously discussed, this argument is without merit because the errors Waters complains of did not deprive the court of jurisdiction. Waters additionally argues that he was prejudiced because the defect deprived him of effective assistance of counsel. For the reasons already discussed, he cannot show a reasonable probability of a different outcome had the *Rehaif* element been included in the indictment, and thus he has not established prejudice on this basis.

Waters alternatively argues that he is not required to demonstrate prejudice to obtain relief because the omission is structural error.

"[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal punctuation and citations omitted). Thus, structural error "warrant[s] habeas relief without a showing of specific prejudice." *United States v. Withers*, 638 F.3d 1055, 1063–64 (9th Cir. 2011). "But structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error." *Marcus*, 560 U.S. at 263 (internal punctuation and citations omitted). Cases in which the Supreme Court has found structural error include total deprivation of counsel, lack of an impartial trial judge, violation of the right to a public trial and an erroneous reasonable-doubt instruction. *See id.* (discussing cases). In contrast, errors that have been found to be non-

6

structural include where the court instructed on an invalid alternative theory of guilt, gave an instruction omitting an element of the offense, or erroneously instructed the jury on an element. *Id.* at 264 (discussing cases).

The Ninth Circuit has not yet addressed in a published opinion whether omission of the *Rehaif* element from the indictment is structural error. But it has held that the error is not structural in at least one unpublished decision. *See United States v. Jackson*, 2020 WL 7624842, at *1 n.1 (9th Cir. Dec. 22, 2020). And the First, Third, Fifth, Seventh, Eighth, and Tenth Circuits have concluded that *Rehaif* errors are not structural. *United States v. Patrone*, 985 F.3d 81, 86 (1st Cir. 2021); *United States v. Nasir*, 982 F.3d. 144, 171 n.30 (3d Cir. Dec. 1, 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020); *see also United States v. Hill*, 2020 WL 7258551, at *2 n.3 (3d Cir. Dec. 10, 2020) (unpublished disposition); *United States v. Watson*, 820 Fed. App'x 397, 400 (6th Cir. 2020) (unpublished disposition). *But see United States v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020). This court agrees with the well-reasoned opinions of these courts and concludes that a *Rehaif* error does not fall within the limited class of errors the Supreme Court has found to be structural.[6]

---

[6] While there is some case law holding that defects in the indictment are structural error, those cases apply only where the claim is timely raised. *See, e.g.*, *United States v. Du Bo*, 186 F.3d 1177, 1179 & 1180 n.3 (9th Cir. 1999) ("We hold that, if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis,

Finally, Waters argues that *Rehaif* requires the government to prove not only that he knew that he was a convicted felon but also that he knew he was barred from possessing firearms. Notwithstanding the fact that Waters admitted to the court that he knew he was barred from possessing a firearm, Waters' legal argument is also without merit. *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) ("[The defendant] contends that *Rehaif* requires the Government to prove he knew not only his status, but also that he knew his status prohibited him from owning a firearm. But this interpretation is not supported by *Rehaif* . . . .").

Accordingly, because the claims raised in Waters' § 2255 motion are waived, procedurally defaulted and/or without merit, IT IS THEREFORE ORDERED that the motion to vacate, set aside or correct sentence (ECF No. 27) is hereby DENIED.

IT IS FURTHER ORDERED that Waters is DENIED a certificate of appealability, as jurists of reason would not find the court's denial of the motion to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 5th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

but a fatal flaw requiring dismissal of the indictment. . . . Untimely challenges to the sufficiency of an indictment are reviewed under a more liberal standard."). Waters argues that he raised his argument at the earliest possible opportunity and so the timeliness limitation does not apply. The court does not agree. Waters could have challenged the indictment well before now. The claim is not timely raised.

8